# IN THE COURT OF APPEALS OF IOWA

No. 15-1891
Filed August 31, 2016

IN RE THE MARRIAGE OF DALE M. NELSON
AND MARJORIE ELAINE NELSON

Upon the Petition of
**DALE M. NELSON,**
　　　　Petitioner-Appellant,

**And Concerning**
**MARJORIE ELAINE NELSON,**
　　　　Respondent-Appellee.
_____

　　　　Appeal from the Iowa District Court for Audubon County, Jeffrey L. Larson,

Judge.


　　　　Dale Nelson appeals the spousal support provision of the district court's

dissolution decree. **AFFIRMED.**


　　　　Alexander E. Wonio of Hansen, McClintock & Riley, Des Moines, for

appellant.

　　　　Gina C. Badding of Neu, Minnich, Comito, Halbur, Neu & Badding, P.C.,

Carroll, for appellee.


　　　　Considered by Danilson, C.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

Dale Nelson appeals the spousal support provision of the district court's dissolution decree, claiming the court improperly granted Marjorie Nelson support until her death. We affirm the district court's decree of dissolution and grant Marjorie's request, in part, for appellate attorney fees.

## I.    BACKGROUND FACTS AND PROCEEDINGS

Dale and Marjorie were married on June 27, 1992. At the time of the marriage, Dale was fifty-nine years old and Marjorie was fifty-seven years old. Both parties had been previously married and had children from those marriages. Shortly before the marriage, the parties executed an antenuptial agreement concerning the disposition of their property. Attached to the agreement was a net worth statement for each party. Dale's statement showed a net worth of $1,145,906.07, and Marjorie's statement showed a net worth of $264,509.89.

In March 2014, Dale filed a petition for dissolution of marriage. Marjorie filed an answer requesting temporary and permanent spousal support and attorney fees. Subsequently, she filed an application for temporary relief with the same requests. In September, the district court denied Marjorie's application and she filed a motion to reconsider. After a hearing, the district court granted Marjorie $2000 in monthly temporary spousal support.

A trial was held in September 2015. In the decree of dissolution, the district court found the following facts concerning the parties' financial circumstances:

> Marjorie's monthly income consists of approximately $748, including social security income and two investment dividends. Marjorie has an Ameriprise account with a value of approximately

$215,371. In addition, her affidavit of financial status indicates she has a Banker's Life account valued at approximately $126,505 and a First Energy account valued at $8509. Marjorie has a total net worth of $348,773. Marjorie entered the marriage twenty-three years ago with assets of approximately $150,000.[1]

Dale's affidavit of financial status indicates his net worth is $2,865,686. A financial affidavit given to his bank in 2013, showed a net worth of $3,617,810. Dale is also the income beneficiary of a two trusts—his and one of his first wife who is deceased. The two trusts hold approximately 1200 acres of farmland. It is difficult for the Court to determine Dale's annual income. The income tax returns submitted as exhibits indicate a substantial amount of depreciation taken in the farm operation which reduces his annual income, as shown on the tax returns. Dale also has a great deal of discretionary income through the trusts. His Affidavit of Financial Status filed on September 3, 2014, indicates an annual income of $138,699.

The court granted Marjorie $3700 in monthly spousal support and $10,000 in attorney fees. Dale appeals from this decree.

## II.    STANDARD OF REVIEW

Because marriage dissolution proceedings are equitable proceedings, our review is de novo. *See* Iowa Code § 598.3 (2015); *In re Marriage of Mauer*, 874 N.W.2d 103, 106 (Iowa 2016). "In reviewing questions related to spousal support, while our review is de novo, we have emphasized that 'we accord the trial court considerable latitude.' We will disturb the trial court's order 'only when there has been a failure to do equity.'" *In re Marriage of Gust*, 858 N.W.2d 402, 406 (Iowa 2015) (citations omitted).

---

[1] The record contained a discrepancy with regard to the assets Marjorie brought to the marriage. We rely on the net worth statement provided for the antenuptial agreement valuing Majorie's assets at $264,509.89. This determination does not affect the underlying analysis or holding.

## III.    MERITS

Dale claims the district court improperly awarded Marjorie spousal support to continue until her death or her remarriage.  He asks our court to modify the dissolution decree to terminate his spousal support obligation upon Marjorie's remarriage or the death of either party.  "Whether spousal support is justified is dependent on the facts of each case."  *In re Marriage of Shanks,* 805 N.W.2d 175, 178 (Iowa Ct. App. 2011).

> Upon every judgment of annulment, dissolution, or separate maintenance, the court may grant an order requiring support payments to either party for a limited or indefinite length of time after considering all of the following:
> a. The length of the marriage.
> b. The age and physical and emotional health of the parties.
> c. The distribution of property made pursuant to section 598.21.
> d. The educational level of each party at the time of marriage and at the time the action is commenced.
> e. The earning capacity of the party seeking maintenance, including educational background, training, employment skills, work experience, length of absence from the job market, responsibilities for children under either an award of custody or physical care, and the time and expense necessary to acquire sufficient education or training to enable the party to find appropriate employment.
> f. The feasibility of the party seeking maintenance becoming self-supporting at a standard of living reasonably comparable to that enjoyed during the marriage, and the length of time necessary to achieve this goal.
> g. The tax consequences to each party.
> h. Any mutual agreement made by the parties concerning financial or service contributions by one party with the expectation of future reciprocation or compensation by the other party.
> i. The provisions of an antenuptial agreement.
> j. Other factors the court may determine to be relevant in an individual case.

Iowa Code § 598.21A(1); *see also Gust*, 858 N.W.2d at 407.

> The general rule is that periodic payments of alimony to a divorced wife are presumed to terminate upon the husband's death, especially in the absence of a provision in the decree which requires the payments to continue after such death.  The decree

must clearly provide for the continuation of alimony beyond the obligor's death before the court may hold the estate liable for those payments.

*In re Estate of Jones*, 434 N.W.2d 130, 131 (Iowa Ct. App. 1988); *see, e.g.*, *In re Marriage of Schenkelberg*, 824 N.W.2d 481, 487 (Iowa 2012) (granting spousal support to terminate upon the recipient's death or remarriage).

Here, the district court granted Marjorie spousal support "continuing until the death of [Marjorie] or until [Marjorie] remarries, whichever occurs first." The district court reasoned:

The Court is justified in awarding spousal support when the distribution of marital assets does not equalize the inequities and economic disadvantages suffered in the marriage by the party seeking support and there is a need for. Dale's annual income is at least $138,699. This compares to Marjorie's annual income of approximately $9000. The Court does not believe that Marjorie is able to work, and this income will remain relatively stable.
Based on the Court's consideration of the parties' disparate income, their twenty-three year marriage and the inability for [Marjorie] to become self-supporting at a standard of living reasonably comparable to that enjoyed during her marriage, the Court finds Dale should pay spousal support to Marjorie . . . .

We agree with the court's reasoning. Given the disparity in the parties' income and net worth, the length of their marriage, Marjorie's poor health and need to reside in a care facility, we find the district court equitably ordered Dale to pay $3700 in monthly spousal support. Additionally, we find the district court's decree "clearly provide[s] for the continuation of alimony beyond [Dale's] death [(should he predecease Marjorie)] . . . [to] hold the estate liable for those payments." *See Jones*, 434 N.W.2d at 131. We affirm the district court's decree of dissolution.

Marjorie requests an award of $3500 in appellate attorney fees. This court has broad discretion in awarding appellate attorney fees. *In re Marriage of Okland*, 699 N.W.2d 260, 270 (Iowa 2005). An award of appellate attorney fees is based upon the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal. *In re Marriage of Berning*, 745 N.W.2d 90, 94 (Iowa Ct. App. 2007). We grant Marjorie $2000 in appellate attorney fees.

**AFFIRMED.**